FILED
2015 Apr-23  PM 01:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| BRENDA CLEMMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-cv-888-TMP |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

### Introduction

The plaintiff, Brenda Clemment, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB").   Ms. Clemment timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).   The parties have consented to the full dispositive jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 626(c).

Ms. Clemment was 52 years old at the time of the Administrative Law Judge's ("ALJ") decision, and she has a high school education.   (Tr. at 28).   Her past work experiences include employment as a hostess/waitress and as a truck driver.   (Tr. at 36).   Ms. Clemment claims that she became disabled on April 21, 2010, due to an on-the-job back injury, degenerative disc disease, osteoporosis, high blood pressure, depression, migraines, and arthritis.   (Tr. at 135).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.   *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).   The first step requires a determination of whether the claimant is "doing substantial gainful activity."   20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).   If she is, the claimant is not disabled and the evaluation stops.   *Id*.   If she is not, the Commissioner next considers the effect of all of the claimant's physical and mental impairments combined.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.   *Id*.   The decision depends upon the medical evidence in the record.   *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).   If the claimant's impairments are not severe, the analysis stops.   20 C.F.R.

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).   If the claimant's impairments fall within this category, she will be found disabled without further consideration. *Id.*   If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made, and the analysis proceeds to the fourth step.   20 C.F.R. §§ 404.1520(e), 416.920(e).   Residual functional capacity is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite his or her impairments.   20 C.F.R.   § 404.1545(a).

The fourth step requires a determination of whether the claimant's impairments prevent her from returning to past relevant work.   20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).   If the claimant can still do her past relevant work, the claimant is not disabled and the evaluation stops.   *Id.*   If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.   *Id.*   Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience, in order to determine if she can do other work.   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).   If the claimant

can do other work, the claimant is not disabled.  *Id.*  The burden of demonstrating that other jobs exist which the claimant can perform is on the Commissioner; and, once that burden is met, the claimant must prove her inability to perform those jobs in order to be found to be disabled.  *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

Applying the sequential evaluation process, the ALJ found in this case that Ms. Clemment has not been under a disability within the meaning of the Social Security Act from the date of onset through the date of his decision.  (Tr. at 20). He first determined that Ms. Clemment meets the insured status requirements of the Social Security Act through December 31, 2015.  (Tr. at 15).  He next found that she has not engaged in substantial gainful activity since April 21, 2010, the alleged onset date.  (Tr. at 15).  At the second step of the evaluation process, the ALJ found that the plaintiff's degenerative disc disease in the cervical and thoracic spine and arthritis in the right shoulder are considered "severe" based on the requirements set forth in the regulations.  (*Id.*)  He explicitly found that her osteoporosis, hypertension, and anxiety and depression were not severe and had only a minimally limiting effect on her ability to work.

Proceeding to the third step of the process, the ALJ found that the plaintiff's severe impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.   (Tr. at 16).   The ALJ determined that Ms. Clemment's statements concerning the intensity, persistence, and limiting effects of her symptoms were not fully credible, and he determined that she has the following residual functional capacity ("RFC"): to perform medium work except that she cannot climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; she can occasionally crouch and crawl; and she can only perform occasional overhead reaching with the right upper extremity.   (Tr. at 16-17).

Moving on to the fourth step of the analysis, the ALJ concluded that Ms. Clemment is able to perform her past relevant work as a hostess/waitress.   (Tr. at 19).   The ALJ considered the testimony of a vocational expert ("VE"), and employed 20 CFR § 404.965 as a guideline for finding that Ms. Clemment is capable of meeting the "physical and mental demands" of her past relevant work as a hostess/waitress.   (Tr. at 19).   The ALJ concluded his findings by stating that Plaintiff is not disabled under section 1520(f) of the Social Security Act.   (Tr. at 19).

## Standard of Review

This court's role in reviewing claims brought under the Social Security Act is a narrow one.   The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.   *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).   Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004), quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439-40 (11th Cir. 1997).   The court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.   *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).   The court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.   *Id.*   "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"   *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986)

(Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).   Indeed, even if this court finds that the evidence preponderates against the Commissioner's decision, the court must affirm if the decision is supported by substantial evidence.   *Miles*, 84 F.3d at 1400.   No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal.   *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## Discussion

Ms. Clemment alleges seven errors on which the ALJ's decision should be reversed and remanded: (1) the ALJ failed to apply the proper legal standard for determining whether the plaintiff can perform her past work; (2) the ALJ substituted his own opinion for that of her treating physicians; (3) the ALJ failed to acknowledge and consider all of the plaintiff's impairments; (4) the ALJ's decision regarding credibility is not supported by substantial evidence; and (5) the ALJ failed to apply the Grid Rules where the plaintiff should have been found to meet

Rule 201.12.   In addition, Ms. Clemment asserts that (6) the Appeals Council failed to apply the correct standard, which would have required remand (Doc. 12, p. 2), and (7) the decision is not based on substantial evidence in light of the additional evidence submitted to the Appeals Council.

### 1. Proper Legal Standard Regarding Past Work

The plaintiff asserts that the ALJ improperly concluded that the plaintiff was able to perform her past work as a hostess/waitress.   The ALJ questioned the plaintiff about her past work, and she described her job as a waitress at a Jack's Restaurant, as one in which she "carr[ied] around coffee pots and help[ed] customers."   (Tr. at 35).   The ALJ further relied upon the testimony of the vocational expert ("VE"), who stated that, based upon a hypothetical question that reflected the plaintiff's RFC, a person like the plaintiff could perform the job of waitress as it is generally performed.   (Tr. at 37).   The record also contains the plaintiff's description of her job, which recited that she "took orders from customers, cleaned lobby, took out trash."   (Tr. at 122).

Plaintiff argues that the ALJ failed to fully develop the record as to the duties of a waitress.   (Plaintiff's Brief, Doc. 12 at 17).   Without a showing of prejudice, however, the case need not be remanded for further development of the record.

Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).   Moreover, it is the plaintiff's responsibility to demonstrate an inability to return to her past relevant work.   Lucas v. Sullivan, 918 F.2d 1567 (11th Cir. 1990).   Plaintiff fails to point to anything in the record that would indicate which duties of a hostess/waitress she is unable to perform.   The record includes her own description of her job as a waitress, as well as that given by the VE.   In the absence of evidence of some other, more onerous duties not considered by the ALJ, it cannot be said that the record was inadequately developed.   Accordingly, the ALJ's conclusion that Ms. Clemment was able to perform her past work as a hostess/waitress was supported by substantial evidence in the form of the VE's response to hypothetical questions, the plaintiff's description of her job duties, and the plaintiff's own testimony about her duties when employed at the restaurant.   See, e.g., Nobles v. Astrue, 2009 WL 275643 *2-3 (M.D. Ala. Feb. 5, 2009).

### 2. ALJ's Consideration of Medical Opinions

Plaintiff asserts that the ALJ rejected the opinions of her "treating physicians" and substituted his own opinions.   (Doc. 12, pp. 17-22).   Although the plaintiff cites several cases for the law governing the weight given to the opinions of treating physicians, the only reference specific to this plaintiff is that the ALJ gave "little

weight" to the opinion of Dr. Sasay.    The ALJ noted that Dr. Sasay's opinion that the plaintiff should be confined to light duty was based upon the functional capacity evaluation by Emege K. Nchege, an occupational therapist, which the ALJ found to be based on "the claimant's subjective reports of pain," and not on "objective findings."  (Tr. at 18).   Dr. Sasay's objective medical evidence included a radiology report from a shoulder x-ray that shows "essentially normal examination," (Tr. at 318), and another radiology report on the lumbar spine that shows "vertebral body heights and disc spaces appear well maintained" with "no significant findings of acute pathologic process."   (Tr. at 319).

The weight accorded a doctor's opinion regarding the nature and severity of a claimant's impairments depends on the doctor's examining and treating relationship with the claimant, the evidence the doctor presents to support his opinion, and how consistent the opinion is with the record as a whole, the doctor's specialty, and other factors.   20 C.F.R. § 416.927(c).   An ALJ may discount a doctor's opinion when the doctor fails to provide objective medical evidence to support his opinion or it is inconsistent with the record as a whole.   20 C.F.R. §416.927(c); *see, e.g., Crawford v. Comm'r of Social Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004) (discounting opinion of a treating source).

Here, the ALJ thoroughly reviewed Dr. Sasay's findings and opinions and found them to be entitled to little weight because they were based largely upon Ms. Clemment's subjective complaints and were not supported by the record as a whole – specifically, her subsequent examinations that showed full muscle strength, full range of motion, and only mild neurological defects.  (Tr. at 19).  Similarly, the ALJ explained his accordance of "little weight" to the FCE provided by Mr. Nchege, in that the assessments of the plaintiff's physical ability to lift and carry were based on Ms. Clemment's "perceived occasional maximum safe limits" and were internally inconsistent with plaintiff's muscle strength, range of motion, and other objective medical findings.  (Tr. at 18).   Accordingly, the weight given by the ALJ's to Dr. Sasay's conclusions (and Mr. Nchege's FCE) was adequately explained and is supported by substantial evidence.

### 3.   ALJ's Failure to Consider All Impairments

Plaintiff's third argument is that the ALJ improperly failed to consider all of the Plaintiff's impairments.  Specifically, the plaintiff asserts that the ALJ did not consider "impairments including post cervical surgery, hypertension, headaches, osteoporosis, depression, and anxiety."  (Doc. 12 at p. 31).  As for the hypertension and headaches, the ALJ noted that these were "effectively managed with

medication," and that the mood disorder and anxiety produced no more than minimal effects on her ability to work.   Her osteoporosis, while noted in the treatment notes of Dr. Stewart, was not shown to cause any change in the plaintiff's ability to perform work-related activity.   There is no evidence in the record that her bone density test results caused any treating physician to recommend any changes in her ability to work.[1]   Finally, the plaintiff argues that "post cervical surgery" was not considered by the ALJ.   The opinion, however, contradicts this assertion.   The ALJ noted that "[t]he claimant did undergo surgery for her cervical stenosis, which certainly suggests that the symptoms were genuine" but that the "record reflects that the surgery was generally successful in relieving the symptom and that the claimant retains full strength and range of motion in her upper extremities."   (Tr. at 18). Accordingly, the ALJ's opinion adequately reflects that he considered each of the impairments of which Ms. Clemment complains, and that he weighed the impairments in combination as required.

---

[1]   The court does not agree with the ALJ's notation that her osteoporosis was not diagnosed (tr. at 15) because the bone densitometry report dated November 10, 2010, was discussed with the patient, and she was given information on taking calcium and vitamin D supplements, as well as a prescription for allendronate sodium.   However, a diagnosis, alone, "says nothing about the severity of the condition," Wooten v. Astrue, 2010 WL 2521047 * 8 (N.D. Ga. May 26, 2010), quoting Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988); and is not sufficient to find that the ALJ's opinion is not supported by substantial evidence.

### 4. *ALJ's Decision Regarding Credibility*

The Plaintiff asserts that the ALJ's decision regarding the credibility of her own testimony about the limiting effects of her pain was not supported by substantial evidence.   (Doc. 12, p. 32).   The ALJ determined that Ms. Clemment's descriptions of the "intensity, persistence, and limiting effects" of her of symptoms was "not fully credible."   (Tr. at 17).   The ALJ noted that her complaints were not consistent with the MRI showing only "mild" disc disease, and with the functional capacity evaluation that showed full muscle strength and no evidence of sensory loss or pathological reflexes, findings of a normal gait, full range of motion in all joints, full grip strength, and no atrophy.   (See Tr. at 17).

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).   To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d

1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection" which is "not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id*. (internal quotations omitted).

In this case, the ALJ found that Plaintiff met the first prong of the Eleventh Circuit Court of Appeals's pain standard, but he did not believe that the evidence confirms that the impairments are of such severity that they could reasonably be expected to give rise to the disabling pain and other limitations alleged by Plaintiff.

(Tr. at 17). The ALJ noted that the limitations described by Plaintiff were inconsistent with the medical records. (*Id.*)   The ALJ further noted that the complaints of pain and limitation were not consistent with Ms. Clemment's self-reported activities of providing primary care for her young grandchild.   The ALJ specifically addressed Plaintiff's allegations of pain in his opinion, and he provided reasonable explanations for rejecting Plaintiff's testimony regarding the severity of her pain. The objective medical and other evidence supports the ALJ's conclusion that Plaintiff's conditions did not cause disabling limitations and instead shows that she could perform a her past relevant work as a waitress.

### 5.   *ALJ's Failure to Apply Grid Rules*

Plaintiff argues that the ALJ erred in failing to find that the plaintiff meets Grid Rule 201.12.   In response, the Commissioner asserts that the argument is without merit because the Medical Vocational Guideline Rule 201.12 at Appendix 2 to Subpart P of 20 C.F.R. Part 404, Table No. 1 ("Grid Rule 201.12") applies only to those claimants who have been found to be limited to *sedentary* work.   It is clear that the ALJ here found that Ms. Clemment could perform medium work.   Because Grid Rule 201.12 does not apply to the plaintiff's exertional level, this argument is without any basis.   *See, e.g.*, *McAllister v. Astrue*, 2012 WL 4329307 *6 (N.D. Ala.

Sept. 19, 2012) (rejecting the application of the grids where the claimant was not limited to sedentary work).

### 6. *Appeals Council's Failure to Apply Correct Standard*

The plaintiff's next argument is that the Appeals Council failed to apply the correct standard for remand, failed to remand pursuant to Sentence 4, and failed to articulate an evaluation of new evidence offered after the ALJ hearing.   (Doc. 12, pp. 26-30).

"[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1262 (11th Cir. 2007).   The claimant's position is that the evidence relating to Ms. Clemment's treatment after her cervical surgery was new and material, and rendered the ALJ's opinion erroneous.

First, insofar as plaintiff argues that the Appeals Council's failure to articulate a detailed evaluation of the new evidence submitted to it after the ALJ's requires reversal, new case authority refutes the contention.   In *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780 (11th Cir. 2014), decided in November of last year, the court of appeals held unequivocally that "[n]othing in *Mann*, *Epps*, or *Bowen*… requires the

Appeals Council to provide a detailed discussion of a claimant's new evidence when

denying a request for review."   *Id.* at 783.   The court explained:

> As we have explained, nothing in *Mann*, *Epps*, or *Bowen* requires the
> Appeals Council to provide a detailed discussion of a claimant's new
> evidence when denying a request for review.   Those cases arose in
> different procedural contexts and involved different facts.   Instead,
> this case is controlled by our decision in *Ingram v. Commissioner of
> Social Security*, 496 F.3d 1253 (11th Cir. 2007).
>
> In *Ingram*, the claimant argued the Appeals Council failed to consider
> her new evidence of mental disability.   *Id.* at 1262.   We held the
> record contradicted the claimant's argument, explaining that the
> Appeals Council accepted the new evidence but denied review because,
> even in light of the new evidence, there was no error in the ALJ's
> decision.   *Id.*   We are confronted with the same situation in this case.
> Mitchell contends the Appeals Council failed to evaluate his new
> evidence, but the record demonstrates otherwise.   As in *Ingram*, the
> Appeals Council accepted Mitchell's new evidence but denied review
> because the additional evidence failed to establish error in the ALJ's
> decision.   *See id.*   On this record, we are confident the Appeals
> Council adequately evaluated Mitchell's new evidence.   The Appeals
> Council, moreover, was not required to provide a detailed rationale for
> denying review.

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014).   Thus,

under this recent authority, there is no error requiring remand merely because the

Appeals Council did not articulate a detailed rationale for its conclusion that the new

evidence did not require reversal of the ALJ's decision.

In seeking a review from the Appeals Council, plaintiff's attorney submitted records from The Surgery Center, dated Dec. 22, 2011, though July 11, 2012.   (Tr. at  5, 407-466).   The records demonstrate that after her cervical surgery, Ms. Clemment continued to complain of pain, and was prescribed a series of epidural steroid injections to ease the pain.   When follow-up calls were made to Ms. Clemment after the first epidural injection, she "denie[d] pain at this time."   (Tr. at 423).   At her second visit for an epidural on June 13, 2012,[2] it was reported that she was improving.   (Tr. at 432).   On her follow-up, she reported "doing fine," and said she was in "no pain today."   (Tr. at 441).   A third epidural was performed on July 11, 2012.   There is no report of any follow-up after it.

"The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'"   *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1261 (11th Cir. 2007), 20 C.F.R. § 404.900(b).   In this case, the Appeals Council considered the new evidence and determined that it was not sufficient to

---

[2]  The second epidural procedure was scheduled for May 16, 2012, but was cancelled. (Tr. at 453).

render the ALJ's decision erroneous.   In the instant case, as in *Ingram*, the claimant argues that the Appeals Council erred by refusing to conclude that the ALJ's determination was contrary to the weight of the evidence, and should have granted review of her case.   Ms. Clemment asks this court to overturn or, in the alternative, remand her case to the Appeals Council for review.   This court "may review, under sentence four of section 405(g), a denial of review by the Appeals Council" and must consider whether Ms. Clemment's new evidence "renders the denial of benefits erroneous."   *Ingram*, 496 F.3d at 1262.

This court must consider whether the final decision of the Commissioner, based on the entire record which includes the new evidence, is supported by substantial evidence.   The ALJ determined that the severity of the claimant's impairments, considered singly and in combination, does not meet or medically equal any listing.   The court finds that, while the new evidence does indicate that the surgery did not completely resolve all of Ms. Clemment's pain, there is substantial evidence to demonstrate that the surgery and the epidurals, along with medication and continuing treatment, provide sufficient treatment that renders Ms. Clemment able to work.   Because the evidence offered after the ALJ hearing generally tended to show an improvement in the plaintiff's cervical pain, there is no

reason to believe that consideration of it would change the conclusion reached by the ALJ.   The Appeals Council's determination that the new evidence did not require a remand or a change in the ALJ's conclusion supported its decision to decline review.

   *7.   Considering New Evidence Submitted to the Appeals Council, the Finding that Plaintiff Can Perform Past Work is Not Supported by Substantial Evidence.*

   The plaintiff's final argument is that, considered in light of The Surgery Center records submitted to the Appeals Council, the finding by the ALJ that plaintiff can perform her past work is a waitress is not supported by substantial evidence.   For the reasons already explained above, however, this argument is meritless. The Surgery Center records submitted to the Appeals Council after the ALJ hearing do not show that the ALJ's determination is unsupported by substantial evidence.   Indeed, the records tend to show that plaintiff's neck pain was improved after her cervical surgery.   Thus, if anything, the records support the ALJ's determination that plaintiff could perform her past work as a waitress.[3]

---

[3]     While it is true that the ALJ ultimately concluded at the fourth step of the evaluation process that plaintiff was not disabled because she could perform relevant past work as a waitress/hostess, it should also be noted that the VE testified in response to the ALJ's hypothetical question that there were other medium-duty jobs in substantial numbers in the national and local economy the plaintiff could perform, such as packer, kitchen helper/dishwasher, and agricultural product packer.   (Tr. at 37).   He also testified that, if plaintiff's RFC limited her to light-duty employment, there are several jobs she could perform.   (*Id.*).

**Conclusion**

Upon review of the administrative record, and considering all of Ms. Clemment's arguments, the undersigned Magistrate Judge finds the Commissioner's decision is supported by substantial evidence and is in accord with the applicable law; therefore, the decision is AFFIRMED.  By separate Order, the case will be DISMISSED.

DATED the 23rd day of April, 2015.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE